JUDGE STEIN

 

07 CIV 9253

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARY SILVER,

        Plaintiff,

        -  against -

THE CITY OF NEW YORK,
POLICE OFFICER EUGENE MADISON (Shield #03918),
in his professional and individual capacities,
John Does,

        Defendants.



CASE NO:

OCT 1 6 2007

U. COMPLAINT
S.D. N.Y.
CASHIERS

JURY CLAIM AS TO ALL
COUNTS

Plaintiff, by his attorneys Karim H. Kamal, Esq., of the law firm of Gabbard &

Kamal, LLP, and Robert Walters, Of Counsel to the law firm of Gabbard & Kamal, LLP,

complain of the defendants as follows:

## INTRODUCTION

Plaintiff Gary Silver ("Silver") of Honolulu, Hawaii, hereby asserts the following

claims against the defendants in the above entitled action:

    (1)    violation of 42 U.S.C. 1983: arrest,

    (2)    violation of 42 U.S.C. 1983: detention and confinement,

    (3)    violation of 42 U.S.C. 1983: strip search,

    (4)    violation of 42 U.S.C. 1983: conspiracy,

    (5)    violation of 42 U.S.C. 1983: refusing or neglecting to prevent,

    (6)    malicious prosecution,

(7)    malicious abuse of process,

(8)    violation of New York City Human Rights Law (§ 8-602 & § 8-603),

(9)    false arrest and imprisonment,

(10)    assault,

(11)    battery,

(12)    conspiracy,

(13)    intentional infliction of emotional distress.

Plaintiff Silver hereby asserts the following claims against the defendants in the above entitled action:

(1)    negligence,

(2)    negligent infliction of emotional distress,

(3)    Attorney's fees.

## **JURISDICTION**

This action arises under the provision of the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and under Federal Law, particularly the Civil Rights Act, 42 USC 1981, 1983 and 1985 (2) and (3).

This Court has jurisdiction of this cause under 28 USC, by virtue of 1343. Declaratory and injunctive relief is authorized pursuant to 28 USC Sections 2201 and 2202 and F.R.C.P. 37.

## **GENERAL ALLEGATIONS**

1.    At all relevant times, defendant THE CITY OF NEW YORK was and still is a municipal corporation, duly organized and existing under the and by the virtue of the laws of the State of New York. It is responsible for the policies, procedures and practices

2

implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby.

2.      At all relevant times, defendant POLICE OFFICER EUGENE MADISON ("PO Madison") was employed by the defendant The City of New York and was assigned to the Transit Division, Homeless Outreach Unit.

3.      Upon information and belief, at all relevant times, PO Madison acted within the scope of his employment as a police officer.

4.      Defendant John Does and others not presently known to the plaintiff were, at all times material to this Complaint, duly appointed City of New York police officers of unknown rank and supervisors of defendant PO Madison.

5.      Plaintiff sues all public employees in his official and individual capacities.

6.      At all times material to this Complaint, defendants PO Madison and John Does acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State of New York, City of New York, and the City of New York Police Department.

7.      At all relevant times, plaintiff Silver was residing at c/o David Beal, 105 Fifth Avenue, #11B, New York, NY 10003.

## FACTS

8.      On Friday, May 5, 2006 claimant was accidentally locked out of the NYC residence at which he was staying.

9.      As it was late at night, plaintiff decided to go for a walk.  Claimant came across 30-40 apparently homeless people milling about outside St. Francis of Assisi Church on 31st Street between Sixth and Seventh Avenues.

10.      After some period of time talking with a homeless man, plaintiff was arrested

3

by Police Officer Eugene Madison, shield 03918, in violation of AC16.122(b) Vehicles and Other Movable Property (1 count).

11.    Though claimant explained that he had been locked out of his residence and was waiting until the superintendent of the building arrived later in the morning, claimant was ignored and arrested nonetheless.

12.    On May 06, 2006, the following charges was levied against plaintiff Silver: 1. AC16.122(b) Vehicles and Other Movable Property (1 Count).

13.    Soon thereafter, all charges were dismissed against Silver.

## COUNTS

### COUNT I

### (VIOLATIONS OF 42 U.S.C. 1983: ARREST)

14.    Plaintiff Silver repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 though 13 above with the same force and effect as if herein set forth.

15.    At all relevant times, the conduct of all defendants was subject to 42 U.S.C. secs. 1983, 1985, 1986, and 1988.

16.    Acting under the color of law, defendants worked a denial of Silver's rights, privileges or immunities secured by the United States Constitution or by Federal law, to wit,

> (a)    by depriving Silver of his liberty without due process of law, by taking him into custody and holding him there against his will,
> (b)    by making an unreasonable search and seizure of his property without due process of law,
> (c)    by conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Silver equal protection of laws,
> (d)    by refusing or neglecting to prevent such deprivations and denials to plaintiff, thereby depriving plaintiff of his rights, privileges, and

4

> immunities as guaranteed by the Fourth, Fifth, and Fourteenth
> Amendments to the Constitution of the United States.

17.     The plaintiff had not committed any offense and the defendant the City of

New York through its agents, servants and or employees, including but not limited to PO

Madison did not have reasonable grounds or probable cause to believe that the plaintiff

had committed any offense.

18.     There was no warrant for the arrest of plaintiff on May 6, 2006. The arrest

was without reasonable grounds for said defendants to believe Silver had committed an

offense and defendants knew they were without probable cause to arrest Silver.

19.     No complaint, information, or indictment was ever sworn against Silver

alleging offenses occurring prior to the moment defendants arrested Silver.

20.     Upon information and belief in all the wrongful acts above alleged,

defendant the City of New York through its agents, servants and/or employees, including

but not limited to PO Madison, acted without reasonable or probable cause and with

malicious intent to arrest, oppress and injure the plaintiff and such actions was committed

in bad faith.

21.     Said false arrest was committed upon plaintiff, in part, due to his ethnic

status and bias of the defendants, as well as for reasons unknown to plaintiff at the

present time.

22.     As a direct and proximate result of the above-described unlawful and

malicious acts of the defendants, including but not limited to PO Madison, all committed

under his authority as police officer, and while acting in that capacity, plaintiff suffered

damage, all of which is in violation of his rights under the laws and Constitution of the

5

United States, in particular the First, Fourth, Fifth, Eighth and Fourteenth Amendments thereof, and 42 USC 1981, 1983 and 1985 (2) and (3).

23.     As a further result of the above-described acts, plaintiff was deprived of his rights and immunities secured to him under the Constitution and the laws of the United States and of the State of New York, including but not limited to his rights under the Fourteenth Amendment to be secure in his person, to be free from punishment without due process, and to equal protection of the laws.

WHEREFORE, Plaintiff Silver demands judgment for the false arrest against all defendants jointly and severally, for actual, general, special and compensatory damages in the amount of $500,000 and further demands judgment against each of said defendants, jointly and severally, for punitive damages in the amount of $100,000, plus costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT II

## (VIOLATIONS OF 42 U.S.C. 1983: DETENTION AND CONFINEMENT)

24.     Plaintiff Silver repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 though 23 above with the same force and effect as if herein set forth.

24.     The defendants intended to confine Silver and Silver was conscious of the confinement and Silver did not consent to the confinement.

25.     The defendants' words, actions and charges laid by him was willful, malicious, false, wrongful, without reason or basis and without probable cause and

committed in bad faith and solely for the purpose of falsely imprisoning Silver and
damaging Silver in his reputations and depriving him of his liberty.

26.    As a direct and proximate result of the above-described unlawful and
malicious acts of defendants, including but not limited to defendant PO Madison, all
committed under his authority as police officer, and while acting in that capacity, Silver
suffered damage, all of which is in violation of his rights under the laws and Constitution
of the United States, in particular the First, Fourth, Fifth, Eighth and Fourteenth
Amendments thereof, and 42 USC 1981, 1983 and 1985 (2) and (3).

27.    Silver was injured in his reputation, body and property by the actions of
the aforesaid defendants in furtherance of the false imprisonment, and plaintiff was
deprived of having and exercising his rights and privileges as citizens of the United States
in violation of 42 USC 1981, 1983 and 1985 (2) and (3).

WHEREFORE, Plaintiff Silver demands judgment for the false detention and
confinement against all defendants jointly and severally, for actual, general, special and
compensatory damages in the amount of $500,000 and further demands judgment against
each of said defendants, jointly and severally, for punitive damages in the amount of
$100,000, plus costs of this action, including attorney's fees, and such other relief deemed
to be just and equitable.

## COUNT III

### (VIOLATIONS OF 42 U.S.C. 1983: STRIP SEARCH)

28.    Plaintiff Silver repeats and re-alleges and incorporates by
reference the allegations in paragraphs 1 though 27 above with the same force and effect
as if herein set forth.

7

29.    As a result of his concerted unlawful and malicious arrest, detention,

and confinement of Silver, defendant PO Madison caused Silver to be subjected to a strip

search of his bodies, in a situation where there was no reason to believe that weapons or

contraband had been concealed on or in his bodies, and thus deprived Silver of both his

rights to liberty without due process and his right to equal protection of the laws, and the

due course of justice was impeded, in violation of the Fourth, Fifth, Ninth and Fourteenth

Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Silver demands judgment for his bodily strip search

against all defendants jointly and severally, for actual, general, special and compensatory

damages in the amount of $500,000 and further demands judgment against each of said

defendants, jointly and severally, for punitive damages in the amount of $100,000, plus

costs of this action, including attorney's fees, and such other relief deemed to be just and

equitable.

## COUNT IV

## (VIOLATIONS OF 42 U.S.C. 1983: CONSPIRACY)

30.    Plaintiff Silver repeats and re-alleges and incorporates by

reference the allegations in paragraphs 1 though 29 above with the same force and effect

as if herein set forth.

31.    As a result of his concerted unlawful and malicious conspiracy of

defendant PO Madison, Silver was deprived of both his liberty without due process of

law and his right to equal protection of the laws, and the due course of justice was

impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the

United States and 42 U.S.C. § 1983 and §1985.

8

WHEREFORE, Plaintiff Silver demands judgment for the conspiracy against all

defendants jointly and severally, for actual, general, special and compensatory damages in

the amount of $500,000 and further demands judgment against each of said defendants,

jointly and severally, for punitive damages in the amount of $100,000, plus costs of this

action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT V

## (VIOLATIONS OF 42 U.S.C. 1983: REFUSING OR NEGLECTING TO PREVENT)

32.     Plaintiff Silver repeats and re-allege and incorporate by reference the

allegations in paragraphs 1 though 31 above with the same force and effect as if herein set

forth.

33.     At all times relevant to this complaint, defendant PO Madison as police

officer of the New York City Police Department was acting under the direction and

control of John Does and defendant the City of New York.

34.     Acting under color of law and pursuant to official policy or custom, John

Does and the City of New York knowingly, recklessly, or with gross negligence failed to

instruct, supervise, control, and discipline on a continuing basis defendant police officer

duties to refrain from:

> (a)     unlawfully and maliciously harassing a citizen who was acting in
> accordance with his constitutional and statutory rights, privileges, and
> immunities,
> (b)     unlawfully and maliciously arresting, imprisoning and prosecuting
> a citizen, who was acting in accordance with his constitutional and
> statutory rights, privileges, and immunities,
> (c)     conspiring to violate the rights, privileges, and immunities
> guaranteed to Plaintiff by the Constitution and laws of the United States
> and the laws of the State of New York; and

9

(d)     otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.

35.     Defendants PO Madison, John Does and the City of New York had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants PO Madison, John Does and the City of New York had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

36.     Defendants PO Madison, John Does and the City of New York directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police officer heretofore described.

37.     As a direct and proximate cause of the negligent and intentional acts of Defendants PO Madison, John Does and the City of New York as set forth above, Silver suffered physical injury, loss of income, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for

10

punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT VI

## (MALICIOUS PROSECTUTION)

38.    Plaintiff Silver repeats and re-allege and incorporate by reference the allegations in paragraphs 1 though 37 above with the same force and effect as if herein set forth.

39.    Defendants instituted criminal process against Silver with malice.

40.    The charges was not based on probable cause, that is the state of the facts in the mind of the prosecutor would not lead a man of ordinary caution and prudence to believe, or entertain a strong suspicion that Silver was guilty.

41.    The criminal proceeding terminated in favor of the plaintiff when the assistant district attorney recommended the dismissal of all charges against Silver and the court accepted the recommendation and dismissed the charges against Silver.

42.    Defendant City of New York is liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff Silver demands judgment against all Defendants for injunctive relief and actual, special, compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

11

## COUNT VII
## (MALICIOUS ABUSE OF PROCESS)

43.    Plaintiff Silver repeats and re-allege and incorporate by reference the allegations in paragraphs 1 though 42 above with the same force and effect as if herein set forth.

44.    Defendants maliciously used a legal process to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.

45.    The actions of the Defendants PO Madison, John Does and the City of New York, in causing plaintiff to be arrested falsely, imprisoned and prosecuted was effected for the ulterior purpose of causing plaintiff to be unlawfully deprived of his liberty and Civil Rights, to suffer inconvenience, humiliation, shame, embarrassment, and damage to his reputation and good name.

46.    As a direct and proximate result of the above-described unlawful and malicious acts of defendants, including but not limited to defendant PO Madison, all committed under his authority as police officer, and while acting in that capacity, plaintiff suffered damage, all of which is in violation of his rights under the laws and Constitution of the United States, in particular the First, Fourth, Fifth, Eighth and Fourteenth Amendments thereof, and 42 USC 1981, 1983 and 1985 (2) and (3).

47.    As a further result of the above-described acts, plaintiff was deprived of his rights and immunities secured to him under the Constitution and the laws of the United States and of the State of New York, including but not limited to his rights under

12

the Fourteenth Amendment to be secure in his persons, to be free from punishment without due process and to equal protection of the laws.

48.     Defendant City of New York is liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff Silver demands judgment against all Defendants for injunctive relief and actual, special, compensatory damages. By reason of the foregoing, the plaintiff was under color of process unlawfully deprived of his liberty and Civil Rights, caused to suffer inconvenience, humiliation, shame and embarrassment, damage to his reputation and good name, and physical injuries in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT VIII
## (VIOLATIONS OF NEW YORK CITY HUMAN RIGHTS LAW § 8-602, §8-603)

49.     Plaintiff Silver repeats and re-allege and incorporate by reference the allegations in paragraphs 1 though 48 above with the same force and effect as if herein set forth.

50.     At all relevant times, the conduct of all defendants was subject to the New York City Human Rights Law.

51.     Defendant PO Madison interfered with or attempted to interfere by threats, intimidation, or coercion with plaintiff exercise and enjoyment of his rights – e.g., his rights to his liberty, his rights to occupy his real property, to wit, his home, and his rights to due process – secured by the state and federal constitutions or laws of the United States and/or the State of New York.

13

52.    Thus, under color of state, plaintiff' liberty was threatened.

53.    Defendant City of New York is liable under the doctrine of respondeat superior.

54.    As a direct and proximate result of the conduct of the defendants, Silver was intimidated and put in continuing anxiety and has suffered damages including but not limited to the aforesaid damages.

WHEREFORE, Plaintiff Silver demands judgment against all Defendants for injunctive relief and actual, special, compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT IX
## (FALSE ARREST AND IMPRISONMENT)

55.    Plaintiff Silver repeats and re-allege and incorporate by reference the allegations in paragraphs 1 though 54 above with the same force and effect as if herein set forth.

56.    At all times relevant herein, **(a)** the Defendants acted with the intention of confining plaintiff Silver within fixed boundaries, **(b)** the act directly or indirectly resulted in his confinement, and **(c)** Silver was conscious of his confinement.

57.    As a direct and proximate result of the conduct of the Defendants, Silver suffered harm and damages including but not limited to the aforesaid damages.

58.    Defendant the City of New York is liable under the doctrine of respondeat superior.

14

WHEREFORE, Plaintiff demands judgment against all Defendants for injunctive relief and actual, special, compensatory damages, attorneys' fees and costs of the litigation in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT X
## (ASSAULT)

59.     Plaintiff Silver repeats and re-allege and incorporate by reference the allegations in paragraphs 1 though 58 above with the same force and effect as if herein set forth.

60.     Silver is a reasonable person.

61.     Defendant PO Madison intentionally created an apprehension of immediate physical harm by means of an overt gesture, to wit placing Silver under arrest.

62.     Any reasonable person would also become apprehensive in the face of defendants' threatening conduct.

63.     Defendant the City of New York is liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against all Defendants for injunctive relief and actual, special, compensatory damages, attorneys' fees and costs of the litigation in an amount deemed at time of trial to be just, fair, and appropriate.

15

## COUNT XI
## (BATTERY)

64.     Plaintiff Silver repeats and re-allege and incorporate by reference the allegations in paragraphs 1 though 63 above with the same force and effect as if herein set forth.

65.     Without the consent of Silver, defendant PO Madison intentionally, harmfully, and offensively touched Silver by handcuffing him.

66.     Without the consent of Silver, defendant PO Madison indirectly caused unknown corrections officers to intentionally, harmfully, and offensively touch Silver while conducting a strip-search.

67.     Defendant the City of New York is liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against all Defendants for injunctive relief and actual, special, compensatory damages, attorneys' fees and costs of the litigation in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT XII
## (CONSPIRACY)

68.     Plaintiff Silver repeats and re-allege and incorporate by reference the allegations in paragraphs 1 though 67 above with the same force and effect as if herein set forth.

16

69.    All the Defendants **(a)** had an object to be accomplished; **(b)** had an

agreement on the object or course of action; **(c)** performed one or more unlawful overt

acts; and **(d)** caused Silver damages that was a direct result of those acts.

70.    The defendants agreed that the object or course of action was to arrest,

detain, and confine Silver without probable cause, and maliciously charge and prosecute

him with crimes.

71.    Defendant the City of New York is liable under the doctrine of respondeat

superior.

72.    Plaintiff's Silver suffered harm and damages that are a direct result of

those acts.

WHEREFORE, Plaintiff demands judgment against all Defendants for injunctive

relief and actual, special, compensatory and punitive damages, attorney's fees, costs,

expenses, and interest in an amount deemed at time of trial to be just, fair, and

appropriate.

## COUNT XIII
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

73.    Plaintiff Silver repeats and re-allege and incorporate by reference the

allegations in paragraphs 1 though 72 above with the same force and effect as if herein set

forth.

74.    Defendants intentionally and deliberately inflicted emotional distress on

Silver by maliciously prosecuting Silver, or by abusing the lawful process by unlawful

purpose, or by violating Silver's constitutional rights, or by falsely arresting and

17

imprisoning the plaintiff, by conspiring against plaintiff, or by interfering with Silver's state civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

75.    Defendants conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

76.    The actions of the Defendants were the cause of Silver's distress.

77.    Silver is reasonable person.

78.    The emotional distress sustained by Silver was severe and of nature that no reasonable man or woman could be expected to endure.

79.    As a result of the Defendants' extreme and outrageous conduct, Plaintiff was, is, and, with a high degree of likelihood, will continue to be emotionally distressed due to the intentional actions of defendants.

80.    Defendant the City of New York is liable under the doctrine of respondeat superior.

81.    As a result of the Defendants' extreme and outrageous conduct, Silver has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

WHEREFORE, Plaintiff demands judgment, including interest, jointly and severally against defendants PO Madison, John Does and the City of New York in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

18

## COUNT XIV
## (NEGLIGENCE)

82.     Plaintiff Silver repeats and re-allege and incorporate by reference the allegations in paragraphs 1 though 81 above with the same force and effect as if herein set forth.

83.     Defendant the City of New York and John Does owed a duty to supervise or train the officer and to take steps to prevent events such as occurred here, to wit, the false arrest and imprisonment and the swearing to charges without probable cause.

84.     Defendant PO Madison owed a duty to act according to the  standard of ordinary care of a police officer, to wit, to conduct a proper investigation, the failure of which was the proximate cause of plaintiff Silver's injuries.

85.     Defendant the City of New York and John Does breached that duty by failing to act, to wit, by failing to perform their duties and by failing adequately to control and to supervise their officers.

86.     As a result of those breaches, which was the proximate causes of plaintiff's injuries, plaintiff Silver suffered harm and damages.

87.     Defendants City of New York and John Does are also liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment, including interest, jointly and severally against defendants PO Madison, John Does and the City of New York in an

19

amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

## COUNT XV
## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

88.     Plaintiff Silver repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 though 87 above with the same force and effect as if herein set forth.

89.     Defendants continually negligently inflicted emotional distress on the Plaintiff.

90.     Defendants had a continuing affirmative duty to perform their professional services in such a manner as not to inflict emotional distress on the Plaintiff.

91.     Defendants breached their duties to the plaintiff.

92.     Plaintiff never interfered with the defendants' obligations under the above-described duties.

93.     Plaintiff suffered not only physical symptomatologies but also, as a consequence of the physical injury, mentally by Defendants' breach of duty.

94.     Plaintiff was, is, and, with a high degree of likelihood, will continue to be inflicted with emotional distress due to the negligence of Defendants.

95.     Defendants City of New York and John Does are also liable under the doctrine of respondeat superior.

96.     As a result of the Defendants' negligent conduct, plaintiff has suffered and will continue to suffer physical symptomatologies, pain, anguish, severe emotional trauma, embarrassment, and humiliation.

WHEREFORE, Plaintiff demands judgment, including interest, jointly and severally against defendants PO Madison, John Does and the City of New York in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

## COUNT XVI
## (ATTORNEY'S FEES)

97.     Plaintiff Silver repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 though 96 above with the same force and effect as if herein set forth.

98.     By reason or the foregoing acts and/or omissions of the defendants in violation of the VIII and XI Amendments of the United State's Constitution, the plaintiff have been forced to bring this lawsuit to enforce 42 USC Section 1983 and as a result thereof has suffered significant economic loss in the form of attorney's fees.

99.     Pursuant of USC Section 1988, plaintiff is entitled to reasonable attorney's fees as part of the costs.

WHEREFORE, Plaintiff demands judgment, including interest, jointly and severally against defendants PO Madison, John Does and the City of New York in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury in this action.

Dated: October 15, 2007
    New York, NY

           Respectfully submitted,

           KARIM H. KAMAL, ESQ.
           Attorney for Plaintiff

           By:

           Karim H. Kamal (KK 2279)
           Gabbard & Kamal, LLP
           630 Fifth Avenue, Suite 3163
           New York, NY 10111
           Ph:    (212) 586-0510
           Fax:  (212) 262-9586

           ROBERT WALTERS
           Attorney for Plaintiff

           By:

           Robert Walters (RW 4742)
           Gabbard & Kamal, LLP
           Of Counsel
           630 Fifth Avenue, Suite 3163
           New York, NY 10111
           Ph:    (212) 586-0510
           Fax:  (212) 262-9586