UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

GARY SILVER,

                              Plaintiff,

             -against-

THE CITY OF NEW YORK, POLICE OFFICER
EUGENE MADISON (Shield # 03918), in his professional
and individual capacities, John Does,

                             Defendants.

------------------------------------------------------------------- x

**ANSWER**

Jury Trial Demanded

07 Civ. 9253 (SHS)(KNF)

       The City of New York and Eugene Madison, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

       1.    Deny the allegations set forth in and under the heading "INTRODUCTION", including all subparts, except admit plaintiff purports to proceed as stated therein.

       2.    Deny the allegations set forth in and under the heading "JURISDICTION", including all subparts, except admit plaintiff purports to invoke the jurisdiction of the Court as stated therein.

       3.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that defendant The City of New York ("City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and respectfully refer the Court to the City Charter and Administrative Code for a recitation of the relationship between the City of New York and its agencies, departments and employees.

4. Deny the allegations set forth in paragraph "2" of the complaint, except admit that defendant Police Officer Eugene Madison ("PO Madison") was employed by the City of New York as a police officer on Friday, May 5, 2006, and remains so employed.

5. Deny the allegations set forth in paragraph "3" of the complaint and respectfully refer all questions of law to the Court.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

7. Deny the allegations set forth in paragraph "5" of the complaint, except admit plaintiff purports to proceed as stated therein.

8. Deny the allegations set forth in paragraph "6" of the complaint and respectfully refer all questions of law to the Court.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

12. Deny the allegations set forth in paragraph "10" of the complaint, except admit plaintiff was arrested by PO Madison and knowledge or information sufficient to form a belief as to the truth of whether plaintiff spoke to a homeless man for some period of time.

13. Deny the allegations set forth in paragraph "11" of the complaint.

14. Deny the allegations set forth in paragraph "12" of the complaint, except admit that on or about May 6, 2006, plaintiff was charged with violating New York City Administrative Code § 16-122.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

16. In response to the allegations set forth in paragraph "14" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "15" inclusive of this answer, as if fully set forth herein.

17. Deny the allegations set forth in paragraph "15" of the complaint and respectfully refer all questions of law to the Court.

18. Deny the allegations set forth in paragraph "16" of the complaint, including all subparts.

19. Deny the allegations set forth in paragraph "17" of the complaint.

20. Deny the allegations set forth in paragraph "18" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of whether any warrants for plaintiff's arrest existed on May 6, 2006.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

22. Deny the allegations set forth in paragraph "20" of the complaint.

23. Deny the allegations set forth in paragraph "21" of the complaint.

24. Deny the allegations set forth in paragraph "22" of the complaint.

25. Deny the allegations set forth in paragraph "23" of the complaint, including all subparts, except admit that plaintiff purports to demand judgment as stated therein.

26. In response to the allegations set forth in the first paragraph numbered "24" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "25" inclusive of this answer, as if fully set forth herein.[1]

27. Deny the allegations set forth in the second paragraph numbered "24" of the complaint, except deny knowledge or information sufficient to form a belief as to plaintiff's mental state.[2]

28. Deny the allegations set forth in paragraph "25" of the complaint.

29. Deny the allegations set forth in paragraph "26" of the complaint.

30. Deny the allegations set forth in paragraph "27" of the complaint, including all subparts, except admit that plaintiff purports to demand judgment as stated therein.

31. In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "30" inclusive of this answer, as if fully set forth herein.

32. Deny the allegations set forth in paragraph "29" of the complaint, including all subparts, except admit that plaintiff purports to demand judgment as stated therein.

33. In response to the allegations set forth in paragraph "30" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "32" inclusive of this answer, as if fully set forth herein.

34. Deny the allegations set forth in paragraph "31" of the complaint, including all subparts, except admit that plaintiff purports to demand judgment as set forth therein.

---

[1] Plaintiff's complaint contains two paragraphs numbered "24" under the heading "COUNT II (VIOLATIONS OF 42 U.S.C. 1983: DETENTION AND CONFINEMENT)".

[2] See footnote 2, supra.

35. In response to the allegations set forth in paragraph "32" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "34" inclusive of this answer, as if fully set forth herein.

36. Deny the allegations set forth in paragraph "33" of the complaint.

37. Deny the allegations set forth in paragraph "34" of the complaint, including all subparts, except deny knowledge or information sufficient to form a belief as to the truth of the allegations against unidentified persons.

38. Deny the allegations set forth in paragraph "35" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations against unidentified persons.

39. Deny the allegations set forth in paragraph "36" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations against unidentified persons.

40. Deny the allegations set forth in paragraph "37" of the complaint, including all subparts, except deny knowledge or information sufficient to form a belief as to the truth of the allegations against unidentified persons, except admit that plaintiff purports to demand judgment as stated therein.

41. In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "40" inclusive of this answer, as if fully set forth herein.

42. Deny the allegations set forth in paragraph "39" of the complaint.

43. Deny the allegations set forth in paragraph "40" of the complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

45. Deny the allegations set forth in paragraph "42" of the complaint, including all subparts, except admit that plaintiff purports to demand judgment as set forth therein and respectfully refer all questions of law to the Court.

46. In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "45" inclusive of this answer, as if fully set forth herein.

47. Deny the allegations set forth in paragraph "44" of the complaint.

48. Deny the allegations set forth in paragraph "45" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations against unidentified persons.

49. Deny the allegations set forth in paragraph "46" of the complaint.

50. Deny the allegations set forth in paragraph "47" of the complaint.

51. Deny the allegations set forth in paragraph "48" of the complaint, including all subparts, except admit that plaintiff purports to demand judgment as stated therein and respectfully refer all questions of law to the Court.

52. In response to the allegations set forth in paragraph "49" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "51" inclusive of this answer, as if fully set forth herein.

53. Deny the allegations set forth in paragraph "50" of the complaint and respectfully refer all questions of law to the Court.

54. Deny the allegations set forth in paragraph "51" of the complaint.

55.     Deny the allegations set forth in paragraph "52" of the complaint.

56.     Deny the allegations set forth in paragraph "53" of the complaint and respectfully refer all questions of law to the Court.

57.     Deny the allegations set forth in paragraph "54" of the complaint, including all subparts, except admit that plaintiff purports to demand judgment as stated therein.

58.     In response to the allegations set forth in paragraph "55" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "57" inclusive of this answer, as if fully set forth herein.

59.     Deny the allegations set forth in paragraph "56" of the complaint, including all subparts.

60.     Deny the allegations set forth in paragraph "57" of the complaint.

61.     Deny the allegations set forth in paragraph "58" of the complaint, including all subparts, and respectfully refer all questions of law to the Court.

62.     In response to the allegations set forth in paragraph "59" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "61" inclusive of this answer, as if fully set forth herein.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the complaint.

64.     Deny the allegations set forth in paragraph "61" of the complaint, except admit that PO Madison placed plaintiff under arrest.

65.     Deny the allegations set forth in paragraph "62" of the complaint.

66. Deny the allegations set forth in paragraph "63" of the complaint, including all subparts, except admit that plaintiff purports to demand judgment as stated therein and respectfully refer all questions of law to the Court.

67. In response to the allegations set forth in paragraph "64" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "66" inclusive of this answer, as if fully set forth herein.

68. Deny the allegations set forth in paragraph "65" of the complaint, except admit plaintiff was handcuffed.

69. Deny the allegations set forth in paragraph "66" of the complaint.

70. Deny the allegations set forth in paragraph "67" of the complaint, including all subparts, except admit that plaintiff purports to demand judgment as stated therein and respectfully refer all questions of law to the Court.

71. In response to the allegations set forth in paragraph "68" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "70" inclusive of this answer, as if fully set forth herein.

72. Deny the allegations set forth in paragraph "69" of the complaint, including all subparts.

73. Deny the allegations set forth in paragraph "70" of the complaint.

74. Deny the allegations set forth in paragraph "71" of the complaint and respectfully refer all questions of law to the Court.

75. Deny the allegations set forth in paragraph "72" of the complaint, including all subparts, except admit that plaintiff purports to demand judgment as stated therein.

76.   In response to the allegations set forth in paragraph "73" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "75" inclusive of this answer, as if fully set forth herein.

77.   Deny the allegations set forth in paragraph "74" of the complaint.

78.   Deny the allegations set forth in paragraph "75" of the complaint.

79.   Deny the allegations set forth in paragraph "76" of the complaint.

80.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the complaint.

81.   Deny the allegations set forth in paragraph "78" of the complaint.

82.   Deny the allegations set forth in paragraph "79" of the complaint.

83.   Deny the allegations set forth in paragraph "80" of the complaint and respectfully refer all questions of law to the Court.

84.   Deny the allegations set forth in paragraph "81" of the complaint, including all subparts, except admit that plaintiff purports to demand judgment as stated therein.

85.   In response to the allegations set forth in paragraph "82" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "84" inclusive of this answer, as if fully set forth herein.

86.   Deny the allegations set forth in paragraph "83" of the complaint and respectfully refer the Court to the City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

87.   Deny the allegations set forth in paragraph "84" of the complaint.

88.   Deny the allegations set forth in paragraph "85" of the complaint.

89.   Deny the allegations set forth in paragraph "86" of the complaint.

90. Deny the allegations set forth in paragraph "87" of the complaint, including all subparts, except admit that plaintiff purports to demand judgment as stated therein.

91. In response to the allegations set forth in paragraph "88" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "90" inclusive of this answer, as if fully set forth herein.

92. Deny the allegations set forth in paragraph "89" of the complaint.

93. Deny the allegations set forth in paragraph "90" of the complaint and respectfully refer all questions of law to the Court.

94. Deny the allegations set forth in paragraph "91" of the complaint.

95. Deny the allegations set forth in paragraph "92" of the complaint.

96. Deny the allegations set forth in paragraph "93" of the complaint.

97. Deny the allegations set forth in paragraph "94" of the complaint.

98. Deny the allegations set forth in paragraph "95" of the complaint and respectfully refer all questions of law to the Court.

99. Deny the allegations set forth in paragraph "96" of the complaint, including all subparts, except admit that plaintiff purports to demand judgment as stated therein.

100. In response to the allegations set forth in paragraph "97" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "99" inclusive of this answer, as if fully set forth herein.

101. Deny the allegations set forth in paragraph "98" of the complaint.

102. Deny the allegations set forth in paragraph "99" of the complaint, including all subparts, except admit that plaintiff purports to demand judgment as stated therein and respectfully refer all questions of law to the Court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

103. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

104. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

105. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of its discretion; therefore, they are entitled to state law good faith immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

106. Any injuries alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and were not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

107. Plaintiff has failed to comply, in whole or in part, with New York General Municipal Law § 50-e.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

108. Plaintiff cannot recover punitive damages from defendant City of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

109. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

110. Plaintiff's conspiracy claim is barred by the intra-corporate conspiracy doctrine.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

111. The individual defendant Eugene Madison has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

112. Plaintiff's malicious prosecution claim is barred by plaintiff's acceptance of an adjournment in contemplation of dismissal.

**WHEREFORE,** defendants City of New York and Eugene Madison request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:　　New York, New York
　　　　　January 14, 2008

　　　　　　　　　　　　　　　　　　MICHAEL A. CARDOZO
　　　　　　　　　　　　　　　　　　Corporation Counsel of the
　　　　　　　　　　　　　　　　　　　City of New York
　　　　　　　　　　　　　　　　　　Attorney for Defendants City of New York and
　　　　　　　　　　　　　　　　　　Eugene Madison
　　　　　　　　　　　　　　　　　　100 Church Street, Room 3-141
　　　　　　　　　　　　　　　　　　New York, New York 10007
　　　　　　　　　　　　　　　　　　(212) 788-0869

　　　　　　　　　　　　　　　By:　/s/ Jordan M. Smith
　　　　　　　　　　　　　　　　　　Jordan M. Smith
　　　　　　　　　　　　　　　　　　Assistant Corporation Counsel

To:　Karim Kamal, Esq. (by ECF)
　　　Robert Walters, Esq. (by ECF)
　　　*Attorneys for Plaintiff*
　　　Gabbard & Kamal, LLP
　　　630 Fifth Avenue, Suite 3163
　　　New York, New York  10111